IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 06-14-JJF |
| | ) |
| WILLIAM LOVE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Richard G. Andrews, First Assistant United States Attorney for the District of Delaware, and the defendant, William Love, by and through his attorney, Charles E. Butler, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count I of the Indictment, which charges him with possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

2. The defendant understands that as a consequence of his guilty plea, the maximum sentence for his crime is twenty (20) years imprisonment, a fine of $1,000,000, lifetime supervised release with a minimum of three years of supervised release, and a $100 special assessment.

3. The United States agrees to move to dismiss Count II of the Indictment at the time of the sentencing.

4. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty, that is:

(1) on or about November 26, 2004, the Defendant possessed a substance; (2) the substance was heroin; (3) the Defendant acted knowingly; and (4) the Defendant acted with the intent that the substance would be distributed to one or more other persons.

5.  The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a).  He understands that the final determination of the sentencing guidelines will be up to the sentencing judge.  Based on the defendant's conduct to date, the United States agrees that the defendant should obtain a two level reduction for acceptance of responsibility. The defendant understands that the Court is not bound by any agreement between the parties, and, if the Court calculates the guidelines differently than he expects, or contrary to any recommendation of his attorney or the United States, that he will not be allowed to withdraw his guilty plea.

6.  The United States agrees to file a motion in connection with Sentencing Guideline Section 5K1.1.

7.  The Defendant agrees to pay the $100 special assessment the day of sentencing.  Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

8.  It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and

2

statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
UNITED STATES ATTORNEY

By: _____

Charles E. Butler, Esquire
Attorney for Defendant

Richard G. Andrews
First Assistant United States Attorney

William Love
Defendant

Dated: 5|9|06

**AND NOW**, this ___ day of _____, 2006, the foregoing Memorandum

of Plea Agreement is hereby (accepted) (rejected) by this Court.

HONORABLE JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE

3